IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. MIZICKO, | No. CIV S-11-0953-CMK-P |
|     Petitioner, | |
|   vs. | ORDER |
| GARY SWARTHOUT, | |
|     Respondent. | |
| _____/ | |

    Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole. Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

    Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief. Reversing the Ninth Circuit's decision in Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the United

/ / /

/ / /

1  States Supreme Court recently observed:

2        Whatever liberty interest exists [in parole] is, of course, a *state*
interest.  There is no right under the Federal Constitution to be
3  conditionally released [on parole] before the expiration of a valid sentence,
and the States are under no duty to offer parole to their prisoners.  Id. at 7.
4  When, however, a State creates a liberty interest, the Due Process Clause
requires fair procedures for its vindication – and federal courts will review
5  the application of those constitutionally required procedures. . . .

6  Swarthout v. Cooke, 562 U.S. ___, 131 S. Ct. 859, 862 (9th Cir. 2011) (per
curiam) (citing  Greenholtz v. Inmates of Neb. Penal and Correctional Complex,
7  442 U.S. 1, 7 (1979)) (emphasis in original).

8  The Court held:

9        . . . In the context of parole, we have held that the procedures
required are minimal.  In Greenholtz, we found that a prisoner subject to a
10  parole statute similar to California's received adequate process when he
was allowed an opportunity to be heard and was provided a statement of
11  the reasons why parole was denied.  442 U.S. at 16.  "The Constitution,"
we held, "does not require more."  Ibid.  Cooke and Clay received at least
12  this amount of process: They were allowed to speak at their parole
hearings and to contest the evidence against them, were afforded access to
13  their records in advance, and were notified as to the reasons why parole
was denied.  (citations omitted).
14        That should have been the beginning and the end of the federal
habeas courts' inquiry into whether Cook and Clay received due
15  process. . . .

16  Id.

17  The Court added that "[n]o opinion of ours supports converting California's 'some evidence' rule

18  into a substantive federal requirement" and ". . . it is no federal concern . . . whether California's

19  'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was

20  correctly applied" because "a 'mere error of state law' is not a denial of due process."  Id. at 862-

21  63 (citing Engle v. Isaac, 456 U.S. 107, 121, n.21 (1982)).  Thus, in cases challenging the denial

22  of parole, the only issue subject to federal habeas review is whether the inmate received the

23  procedural due process protections of notice and an opportunity to be heard.  There is no other

24  clearly established federal constitutional right in the context of parole.

25  / / /

26  / / /

Here, to the extent petitioner claims that the decision to deny parole was not based on "some evidence" or otherwise failed to satisfy substantive due process, the claim is foreclosed as a matter of law because there is no clearly established federal constitutional substantive due process right in parole. To the extent petitioner claims that he was not provided the minimal procedural due process protections of notice and an opportunity to be heard, the petition must be denied because it is clear on the face of the petition and documents attached thereto that petitioner was provided the minimum procedural protections guaranteed by the federal constitution.

Based on the foregoing, petitioner is required to show cause in writing, within 30 days of the date of this order, why his petition for a writ of habeas corpus should not be summarily dismissed. Petitioner is warned that failure to respond to this order may result in dismissal of the petition for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders. See Local Rule 110.

IT IS SO ORDERED.

DATED: June 6, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE