IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. MIZICKO, | No. CIV S-11-0953-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| GARY SWARTHOUT, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole. Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1) and response (Doc. 9) to the court's June 7, 2011, order to show cause.

/ / /

/ / /

/ / /

/ / /

/ / /

1

In the order to show cause, the court stated:

> Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief. Reversing the Ninth Circuit's decision in <u>Hayward v. Marshall</u>, 603 F.3d 546 (9th Cir. 2010) (en banc), the United States Supreme Court recently observed:
>
>> Whatever liberty interest exists [in parole] is, of course, a *state* interest. There is no right under the Federal Constitution to be conditionally released [on parole] before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. <u>Id.</u> at 7. When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures. . . .
>
> <u>Swarthout v. Cooke</u>, 562 U.S. ___, 131 S. Ct. 859, 862 (9th Cir. 2011) (per curiam) (citing <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 7 (1979)) (emphasis in original).
>
> The Court held:
>
>> . . . In the context of parole, we have held that the procedures required are minimal. In <u>Greenholtz</u>, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. 442 U.S. at 16. "The Constitution," we held, "does not require more." <u>Ibid.</u> Cooke and Clay received at least this amount of process: They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied. (citations omitted).
>> That should have been the beginning and the end of the federal habeas courts' inquiry into whether Cook and Clay received due process. . . .
>
> <u>Id.</u>
>
> The Court added that "[n]o opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement" and ". . . it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied" because "a 'mere error of state law' is not a denial of due process." <u>Id.</u> at 862-63 (citing <u>Engle v. Isaac</u>, 456 U.S. 107, 121, n.21 (1982)). Thus, in cases challenging the denial of parole, the only issue subject to federal habeas review is whether the inmate received the procedural due process protections of notice and an opportunity to be

> heard.  There is no other clearly established federal constitutional right in the context of parole.
>
> Here, to the extent petitioner claims that the decision to deny parole was not based on "some evidence" or otherwise failed to satisfy substantive due process, the claim is foreclosed as a matter of law because there is no clearly established federal constitutional substantive due process right in parole.  To the extent petitioner claims that he was not provided the minimal procedural due process protections of notice and an opportunity to be heard, the petition must be denied because it is clear on the face of the petition and documents attached thereto that petitioner was provided the minimum procedural protections guaranteed by the federal constitution.

The court is not persuaded by petitioner's argument in his response to the order to show cause that, notwithstanding the foregoing, the <u>Swarthout</u> decision does not foreclose the claims raised in the instant petition.  Petitioner is incorrect in stating that the Supreme Court did not decide whether "a right arises in California under the United States Constitution to parole in the absence of some evidence of future dangerousness."  The Supreme Court specifically answered that question in the negative, concluding that no such right to substantive due process exists under the federal constitution and that petitioner is entitled only to certain procedural guarantees.

Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the court has considered whether to issue a certificate of appealability.  Before petitioner can appeal this decision, a certificate of appealability must issue.  <u>See</u> 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  <u>See</u> Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  <u>Morris v. Woodford</u>, 229 F.3d 775,

780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 1604 (2000)). For the reasons set forth above, the court finds that issuance of a certificate of appealability is not warranted in this case.

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's petition for a writ of habeas corpus (Doc. 1) is summarily dismissed;

2.  The court declines to issue a certificate of appealability; and

3.  The Clerk of the Court is directed to enter judgment and close this file.

DATED: July 12, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE